sale had thereunder.   And it appears that prior to such fore-
closure Fealey and Houston had conveyed the lot covered by
the mortgage to Cornelius J. McCarthy, describing it as known
as street No. 68 One Hundred and Twenty-fourth street, and
as eighteen feet wide, distant eighty-nine feet from the westerly
line of Fourth avenue, as widened, just the width of plaintiff's
land, and McCarthy had conveyed the same to one Henry
Magets, describing it in the same way, and that Mrs. Turnbull,
in her complaint asking for a foreclosure of her mortgage,
sets up these conveyances and alleges them to be conveyances
of the mortgaged premises, thus asserting that the lands
covered by those deeds were the same as that covered by her
mortgage, and we do not understand that she has ever made
any other claim.

" We, consequently, are of the opinion that the order of the
General Term should be affirmed, and that judgment absolute
should be ordered against the appellant upon the stipulation,
with costs."

*Ashbel P. Fitch* for appellant.

*Austen G. Fox* for respondent.

HAIGHT, J., reads for affirmance of order of General Term,
and for judgment absolute in favor of plaintiff.

All concur.

Order affirmed and judgment accordingly.

---

GEORGE SCHAPER, Respondent, *v.* THE BROOKLYN AND LONG
ISLAND CABLE RAILWAY COMPANY, Appellant.

Neither the General Railroad Act (Chap. 140, Laws of 1850), nor the acts
amendatory and supplementary thereto, confer upon a company incor-
porated under it the right to build an elevated railroad in the streets of
a city.

A corporation, therefore, organized under said act for the purpose
of constructing such a road in the streets of the city of Brooklyn,
has no power so to do without first complying with the conditions of
the charter of said city (§ 23, tit. 19, chap. 863, Laws of 1873), prescribed
as prerequisites to the right to construct a railroad in its streets.

(Argued December 16, 1890; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 16, 1886, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action to restrain the defendant, a corporation organized under the General Railroad Act, having for its purpose the construction of an elevated railroad in the city of Brooklyn, from entering upon and proceeding in the further construction of its railroad in front of the premises of plaintiff.

The following is the opinion in full:

"The decision of this court in *In re People's Rapid Transit Co.* v. *Bowie Dash*,\* requires an affirmance of the judgment. The defendant, intending to construct an elevated railroad along and over certain streets in the city of Brooklyn, commenced the erection of it in part on Boereum place and in front of property owned by the plaintiff. The plaintiff, insisting that such action was without legal right, brought this suit to restrain the defendant from entering upon and proceeding in the further construction of the railroad in front of his premises.

"Section 23, title 19, chapter 863, Laws of 1873 (the charter of the city of Brooklyn), provides that 'It shall not be lawful hereafter to lay, construct or operate any railroad in, upon or along any or either of the streets or avenues of the city of Brooklyn wherever such railroad may commence or end unless a majority of the owners of property upon the streets or avenues in or along which such railroad is to be constructed shall first petition the common council of said city therefor, nor unless the said common council shall authorize the construction of such railroad, and the grant therefor shall have been awarded and given to the person who will agree, with adequate security, to carry passengers on such railroad at the lowest rate of fare.' This section, continuing, excepts from its operation various existing and specially named railroad companies, and such 'other companies as are or may be authorized by law.'

---

\* This case will appear in 125 N. Y. 93.

"No steps were taken by the defendant or the common council of the city in compliance with such provisions; a majority of the owners of property upon the streets or avenues along which it was contemplated to build said road did not petition the common council therefor, and that body did not award a grant of the right to construct to a person agreeing to carry passengers on such road at the lowest rate of fare. But the defendant insisted that because it was organized under the General Railroad Act of 1850, and the acts amendatory thereof and supplementary thereto, the provisions of the charter quoted were not applicable to it; that it was only required to obtain the consent of the common council in the manner provided by that act, which it did. The reasons assigned in support of that position need not be stated or discussed. Since they were presented to us by counsel the decision cited *supra* has been made. It requires the determination that the General Railroad Act of 1850, and its amendatory and supplementary acts, did not confer upon a company incorporated under it the right to build within the limits of a city a structure of the character of that contemplated and undertaken by the defendant. The question discussed by the General Term need not, therefore, be considered.

"The judgment should be affirmed."

*Wm. C. De Witt* for appellant.

*George W. Wingate* for respondent.

PARKER, J., reads for affirmance.
All concur.
Judgment affirmed.

---

HARVEY FIKES, Respondent, *v.* JOHN BOUCK, Appellant.

(Submitted December 16, 1890; decided January 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order